(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No.

*Bernard Davis* ........................................, Plaintiff(s)

*v.*

*Stephanie Wennerberg* ........................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon *Bernard Davis, pro se*,
*99 Shandon Road, Suite: 206, Dorchester, MA. 02124*
plaintiff's attorney, whose address is _____, an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

*Essex Superior Court* _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of _____, in the year of our Lord two thousand

TRUE ATTEST COPY 3/24/15

DEPUTY SHERIFF    9752

*Thomas H. Driscoll Jr.*
Clerk

**(LS)**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

**ESSEX SUPERIOR COURT DEPARTMENT
CIVIL ACTION  NO.:**

|  |  |
|---|---|
| **BERNARD DAVIS** <br> Plaintiff <br><br> **v.** <br><br> **SARAH PERRAS,** <br> **STEPHANIE WENNERBERG,** <br> **KATHLEEN M. DOHERTY, ANGELA SILVA,** <br> **PATRICK COLLINS, JOHN DOYLE, AND JULIE** <br> **AZIZ** <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )      **VERIFIED COMPLAINT** |

## INTRODUCTION

**This action** (lawsuit) **is brought** for equitable relief; and damages sustained by Bernard Davis, of Massachusetts – who's oral communications were acquired (i.e., obtained), disclosed, and used by means unpermitted and unauthorized by the stated statutes.  Applying individually, against the stated defendants.  In this accord, the acronym " D.C.F. " stand for the Department of Children and Families, as agents of this agency share in the stated wrongs, following, said:

I.  Individual violations of **The Massachusetts Wiretap Act**, creating cause for this action pursuant to **§ 99(Q)**, authorizing the recovery of damages and reasonable attorneys' fees and costs in a civil action for "**Any aggrieved person whose oral ... communications were intercepted, disclosed** or **used** except as permitted or authorized by this section or whose ... privacy were violated by means of an interception **except as permitted or authorized by this section**." G.L. c. 272, § 99(Q),

II.  Individual (criminal) violations of **The Omnibus Crime Control and Safe Streets Act of 1968** ("**The Federal Wiretap Act**" – as Amended in 1986), creating cause for this action pursuant to **§ 2520**, authorizing the recovery of damages, equitable relief, and reasonable attorneys' fees and costs in a civil action for "**Any person whose ... oral ... communication is intercepted, disclosed, or intentionally used in violation of this chapter.**

- As, statute applies to "**any employee, or agent** of the United States or any State or political subdivision thereof, **and any individual,** partnership, association, joint stock company, trust, or corporation." **18 U.S.C. 2510(6).**

**III.**  Individual violations of **The Massachusetts Privacy Act**, creating cause for this action pursuant to **§ 1B**, for violations of the Plaintiff's privacy interest – via **Publicity Given to Private Facts** that were no business of the public.  G.L. c. 214, § 1B, and,

**IV.**  Individual inflictions of emotional distress, creating cause for this action pursuant to **Agis v. Howard Johnson Co. (1976), 355 N.E.2d 315, 371 Mass. 140,** for the **Intentional Infliction of Emotional Distress** upon the Plaintiff.

Resulting, from the concerted tortious conduct of all stated Defendant's ... who knew, plus had reason to know, their conduct was breaking the law alongside their acts in reckless disregard of whether or not their conduct was unlawful or against clearly established law.  Where government and personal disregard in practice, via acts complained of, served to encourage the criminal and tortuous conduct of (defendant) Sarah Perras:

1. intended to injure the Plaintiff and permanently separate him from his children without the extension of sound legal treatment or fair assessment of circumstance, and,

2. allowing by clear proof viable application of the stated violations against agents of the Danvers Police Department, the Department of Children and Families, and all stated defendants.

By these common acts expressive of incompetence and bias practiced in emergency situations - toward males, said acts summed, and continue, to be injurious, intrusive, and reckless upon the abiding person of the Plaintiff, while erroneously advocating (1) children over everything, and (2) only the rights and interest of children and mothers matter.

## PARTIES

1. **Plaintiff,** Bernard Davis, is a natural person, currently residing and located at 99 Shandon Road, Suite:  #206, Dorchester, Massachusetts 02124.

2. **Defendant,** Sarah Ann Perras, is a natural person, last known to be situated at 102 Newbury Street, Room #217, Danvers, Massachusetts 01923.  Her current address is impounded by way of the Essex Probate and Family Court, made accessible through the Court's Registrar for this and similar purpose, at Sarah Perras, IMPOUNDED ADDRESS SERVICE, C/O Registrar, Essex Probate and Family Court, 45 Congress Street, Suite: #170, Salem, MA.  01970.

3. **Defendant,** Stephanie Wennerberg, is a natural person, known to be accessible via 120 Ash Street, Danvers, Massachusetts 01923, as a Police Officer, at the Danvers Police Department.

4. **Defendant,** Kathleen M. Doherty, is a natural person, known to be accessible via 15 Union Street, Lawrence, Massachusetts 01840, as a " D.C.F. " agent, at the Department of Children and Families.

5. **Defendant,** Angela Silva, is a natural person, known to be accessible via 15 Union Street, Lawrence, Massachusetts 01840, as a " D.C.F. " agent, at the Department of Children and Families.

6. **Defendant,** Patrick Collins, is a natural person, known to be accessible via the Office of the District Attorney at the Salem District Court, at 56 Federal Street, Salem, Massachusetts 01970, as an Assistant District Attorney, BBO #665699.

7. **Defendant,** John Doyle, is a natural person, known to be accessible via office situated at 45 Congress Street, Building 4, Salem, Massachusetts 01970, as the Director of Areas, overseeing the Cape Ann Area Offices of the Department of Children and Families.

8. **Defendant,** Julie Aziz, is a natural person, known to be accessible via office situated at the Jeanne Geiger Crisis Center, Inc., at 5 Market Square, #109, Amesbury, Massachusetts 01913, as an attorney, BBO #674308.

## JURISDICTION AND VENUE

9. This Court has 'personal jurisdiction' where the damages sought exceed $25,000.00, and the causes of action alleged arise out of Essex County, Massachusetts, as at all times relevant to this lawsuit, the Defendants were subject to the requirements and prohibitions of Massachusetts General Law – being citizens of said State.

10. **In addition**, this Court has 'subject matter jurisdiction' ... where ... it is possible to add a federal Wiretap Act civil claim to a state civil claim. This stems from the United States Constitutional system of federalism, which provides that federal courts are courts of limited jurisdiction, while state courts are courts of general jurisdiction. Nothing in the concept of the federal system prevents state courts from enforcing rights created by federal law.[1] Under the federal system, the states possess sovereignty concurrent with that of the federal government, subject only to limitations imposed by the Supremacy Clause.[2] Under this system of dual sovereignty, the U.S. Supreme Court has consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the federal laws of the United States.[3] A state court is only precluded from hearing federal claims if Congress has given exclusive jurisdiction to federal courts. To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction.[4] Absent an exclusive grant of jurisdiction to the federal courts in the Congressional act, state courts of general jurisdiction have concurrent

---

[1] Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 507 (1962).
[2] Tafflin v. Levitt, 493 U.S. 455, 458 (1990).
[3] Id. at 459
[4] Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 823 (1990).

authority to adjudicate federally created causes of action.[5]  More specifically, state courts have jurisdiction over federal wiretap claims,[6] whereas nothing in the federal wiretapping act suggests that Congress confined jurisdiction solely to the federal courts.[7]

## FACTS COMMON TO ALL COUNTS

11. On **October 1, 2012**, former coinhabitants Plaintiff (Davis) and **Defendant-Ms. Perras** became homeless following an illegal eviction of their assumed family, at this time, while in tote of child ▮▮▮▮Davis, and pregnant with ▮▮▮▮Davis. The ordeal landed said parties in separate shelters, planning to come back together, due to a tortious separation, via course of application process for Emergency Assistance, by the **Department of Housing and Community Development**.

12. At about **February, 2014** ... 18 month point, of unfair separation exercised upon the parties' family by the **Department of Housing and Community Development**. **Defendant-Ms. Perras** began (1) a course of negative control over children between herself and the Plaintiff, and (2) unreasonably precluding the Plaintiff from reconnecting with their children, as a **selfish, highly-emotional, abnormally attached, depressed parent** – while at her shelter/residence in Danvers, Massachusetts. These circumstances, which came by Ms. Perras' confusion the Plaintiff was seeking to leave relationship with her, and that which Ms. Perras deemed an underhanded angling to attain sole custody of the children between them, summerize the reasons for **Defendant-Ms. Perras'** committed torts against the Plaintiff.

13. On **March 30, 2014**, using her cell phone, at about 8:30 a.m., private citizen, **Defendant-Ms. Perras**, by stealth, captured oral communication of the Plaintiff, on 2 occasions.  Once at 8:30 a.m., and again at about 10:30 a.m., by audiovisual recording – without giving him notice of her recording, <u>or</u> securing all party consent.

To injure, and continue precluding the Plaintiff from becoming **familiarly/legally related** to the children between herself and him ... in relation to **Defendant-Ms. Perras'** overall summation, she and the Plaintiff were no longer an item.

14. Intending damage to the Plaintiff's otherwise abiding person by any means <u>and</u> obstruction of his Constitutional plans she knew to be preparing to successfully apply for **Shared Custody** of the children between herself and him  – occurring at Defendant-Ms. Perras' [former] residence at 102 Newbury Street, Room #217, Danvers, Massachusetts.

15. Afterwards, **Defendant-Ms. Perras**, then, proceeded to willfully and intentionally utilize the recordings by producing them and their contents on a number of **deliberate** disclosure, and use, occasions, to:

---

[5] Williams v. Horvath (1976) 16 Cal.3d 834, 837, 129 Cal.Rptr. 453, 548 P.2d 1125.
[6] Bunnell v. Department of Corrections, (1998) 64 Cal.App.4th 1360, 1367, 76 Cal.Rptr.2d 58.
[7] Id.; see also Young v. Young (1995) 211 Mich.App. 446, 448, fn. 1, 536 N.W.2d 254, 255.

- (1) the **Danvers Police**, about 7:05 p.m. on 03/30/14, (2) **D.C.F.**, about 11 p.m. on 03/30/14, (3) the **Essex Probate and Family Court**, on about 03/31/14, (4) the **Salem District Court**, on about 04/23/14, (5) the **Essex Probate and Family Court** on 11/17/14, **Facebook**, on 11/18/14, and (6) **Defendant-Ms. Aziz**, about 12/01/14 –

as part to scheme to maintain reckless control over and to secure continued retainment of sole custody of the children between herself and the Plaintiff. Knowing and having reason to know that the information procured was obtained through unlawful recording of the Plaintiff's communications.

16. **Toward the above:**

17.     **Defendant-Ms. Perras** always harbored a suppressed desire to raise the stated children alone and without the Plaintiff, seeking to recover from her jaded past without the help of anyone.

18.     No standard by statute or case precedence stood to permit or authorize the actions of **Defendant-Ms. Perras** in her acts of intercepting the Plaintiff's communications.

19.     Plaintiff, at all times, was acting from a position in loco parentis[8] as related to his children, and **Defendant-Ms. Perras; within bounds of right and justification in contact of his child '**████**Davis'** on March 30, 2014.

20.     **Plaintiff asserts** not knowing of **Defendant-Ms. Perras'** recordings (of him in bad light) until being told of their existence in interview with D.C.F. personnel – in relation to incident occurring on March 30, 2014.

21.     **Plaintiff maintains** his oral communications were intercepted, unbeknownst to him, likely – by some slick positioning of **Defendant-Ms. Perras'** cell phone in manner that purposefully avoided plain sight recording and grant of notice that recording of any sort was happening, found to be about 13 minutes in duration **[for Recording No. 1]** intercepted at about 8:30 a.m., and 3 minutes in duration **[for Recording No. 2]** intercepted at about 10:30 a.m. – respectively, on March 30, 2014.

See: **EXIBIT A,** Text Messages of February 16, 2014.

22. It is of readily available evidence, that:

I.     **Defendant-Ms. Perras, out of unreasonable conclusiveness and resolve**, primarily set-out as an opportunist (on March 30, 2014), following where the Plaintiff secured housing amid course of their homelessness, on a mission to damage the Plaintiff's good character, about February 16, 2014, in hostile bid to preclude him from

---

[8] "The status of *in loco parentis* embodies two ideas: first, the assumption of parental status, and second, the discharge of parental duties." The doctrine of *in loco parentis* status.

successfully litigating for shared custody of their minor children – out of unreasonable fear he would end up with sole custody of their children. Stemming from where she stumbled upon a legal document (of the Plaintiff's) she misread, over which she also began misinterpreting his motives – without consulting with or listening to him for clarity (as she always did) – simultaneously mistaken such as:

    a.  Plaintiff's resolve to leave relationship with her, and,

    b.  An underhanded angling to litigate for sole custody of the children between them, **Defendant-Ms. Perras** 'possessively' declared as being under her.

    See: **EXIBIT A,** Text Messages of February 16, 2014, at **6:53** p.m.,

**II.**    Prior to March 30, 2014, the Plaintiff never sought to leave relationship to **Defendant-Ms. Perras**, and was diligently working hard toward preparing to marry **Defendant-Ms. Perras**.

    See: **EXIBIT A,** Text Messages of February 16, 2014, at **6:53** p.m.

**III.**    Nevertheless, **Defendant-Ms. Perras** underlyingly decided to undertake malice **control** and pursuit of sole custody of the children between; and, to knowingly **record the Plaintiff** against state and federal law, for advantage in selfish pursuit of their children – **intended to ultimately injure and cut the Plaintiff off from said children for where she misinterpreted – and was convinced** the Plaintiff was misleading her in terms of working toward mending their relationship **where he started seeing having sex with her as being wrong** (without being married), and was ultimately leaving relationship with her – where he secured housing.

    See: **EXIBIT A,** Text Messages of February 16, 2014, at **6:48 – 6:53** p.m.

23. See: **EXIBIT A,** Text Messages of February 16, 2014,
Primary explanations provided by **Defendant-Ms. Perras** for her behavior and acts in precluding the Plaintiff, are found in:

    a.  Her huge jump to conclusion that Plaintiff was concluding relationship with her **[6:33; 7:34** p.m.],

    b.  Her unreasonable uncomfortableness expressed  **[6:40; 7:19; 7:23** p.m.],

    c.  Her unwarranted conclusiveness  **[6:40** p.m.],

    d.  Her misinterpretation of circumstance regarding found legal document of the Plaintiff's  **[6:44** p.m. – **7:01** p.m.],

    e.  Her possessiveness exercised over their children  **[6:59** p.m.],

f.  Her overbearing exercise of control over their children   [**7:22** p.m.],

g.  Her unreasonable bouts of precluding behavior   [**7:48; 7:55** p.m.],

h.  Her feelings their children were too young to go with Plaintiff   [**7:59; 8:59** p.m.],

i.  Her confused feelings separate time with their children would traumatize them   [**8:00** p.m.],

j.  Her dislike of ideas of having separate time with their children   [**8:20** p.m.],

k.  Her admitted temper that's like a volcano   [**8:36** p.m.],

l.  Her feeling child ██████ Davis was in some throe of separation anxiety   [**8:54** p.m.],

m.  Her problem had with sharing responsibility over and access to their children   [**9:34** p.m.],

n.  **Her unreasonable expressed threat** of disruption of the Plaintiff's desire to share responsibility over and access to their children   [**9:34** p.m.],

o.  Her unreasonable unwillingness and mistrust   [**10:01** p.m.],

24. **See: EXHIBIT C,** "D.C.F." 51/B Report, pg. 5,

Added explanation provided by **Defendant-Ms. Perras** for her behavior and acts in precluding the Plaintiff, came in direct follow of a March 30, 2014 incident, toward which she conveys:

a.  She merely coveted evidence to secure custody of the children between over fear a justice would award the Plaintiff exclusive custody of said children because of her negative past with "D.C.F."

25. It was never the Plaintiff's intending to threaten or debate **Defendant-Ms. Perras'** position as a parent, as she feared.  **See: EXHIBIT A,** Text Messages of February 16, 2014, at **6:53** p.m.  Plaintiff simply desired to be legally related to and caring of his children, because of understanding this is where he is suppose to be in relation to his children, in spite of how the mother felt.  At **7:03** p.m.  **EXHIBIT A.**

26. Incident transpiring between the Plaintiff and his 1 year old daughter ██████ Davis, on March 30, 2014, giving rise to a related criminal matter, for

•  1 Count of **Assault and Battery on a Child Under 14,**

was purely incidental to the argumentive/preclusive behavior and acts of **Defendant-Ms. Perras**. Being source that drove the Plaintiff's innocence to an uncharacterized instance of frustration – never intended to reach their toddler child. Where Plaintiff [in rare loss of control over his actions] attempted to silence his child's crying by a quick upward push of the child's jaw while at the bud of **Defendant-Ms. Perras'** debating and preclusion.

27. **Defendant-Ms. Perras** described the Plaintiff's act as:

> "Just snapping" ... denying the Plaintiff has ever been physically abusive towards her or the children in the past". See: **<u>EXHIBIT C</u>**, "D.C.F." 51/B Report, pg. 5.

28. **Defendant-Ms. Perras'** sole accusation of the event (on March 30, 2014) asserts a headlock of the child occurred which dangled the child in mid air by her neck.

29. **Plaintiff maintains the allegation never occurred – only the push of the jaw**. Admitting, his quick upward push of the child's jaw was rough and influenced **Defendant-Ms. Perras** to jump on his back, in a wild fury, in an attempt to take their child from him.

30. While child was positioned on the Plaintiff's lap, Plaintiff arose from a sitting position – with **Defendant-Ms. Perras** on his back, holding the child outward, up under her arms, with his left arm, away from the **Defendant's** fury, using his buttocks to hold the **Defendant** at bay – in prevention of the forceful taking of the child.

31. At Plaintiff's return to sitting with the child, after being released by the **Defendant**, **Defendant-Ms. Perras** went for her phone and demanded the Plaintiff give the child up ... get his daughter[9], and leave, because she's going to get custody of the stated child.

32. To this demand the Plaintiff concurred after a question of how **Defendant-Ms. Perras** was acting, placing the child on the bed, assuming **Defendant-Ms. Perras** was set to call the police.

33. Since doing these acts, **Defendant-Ms. Perras** has readily 'willfully and intentionally' disclosed her recordings and their contents to the related agendas of the Department of Children and Families (" D.C.F. "); the Salem District Court – in relation to Case Dkt. No.: 1436CR000984; and **Defendant-Ms. Aziz** in continuing acts to personally benefit from continued unpermitted **disclosure and use** of her unauthorized recordings, **intending continued injury <u>and harassment</u> of the Plaintiff**:

(a) **knowing,  and having reason to know,** her disclosed and used information **was product of interception** (violating Massachusetts State Law**)**, also (b) -- **knowing, and having reason to know, the contents of her** disclosed and used information was obtained through interception **procured for the purpose of damaging the Plaintiff's** (known) **abiding reputation, cutting him off from his children, and advantage in child custody proceedings** (violating the **Federal Wiretap Act)**.

---

[9] Visiting – older female child of the Plaintiff's, from a previous relationship.

**Constituting** "hearing, or other proceeding[s]" the **Act** expressly bans from receiving the contents of interception one had reason to know or knew to be in violation of this **Act**, at **§ 2515**.

**Causing:**

    a. Injury to the legal status of Plaintiff's abiding person,

    b. Extensive damage of Child/Plaintiff relationship,

    c. Mental injury to the related children via alienating them from their father and half-sister ▮▮▮▮ Davis,

    d. Squandering of time that could've been used toward family counseling and therapy - early on,

    e. Unwarranted jeopardy against status of the Plaintiff's stable housing,

    f. Unwarranted detainment of the Plaintiff for 180 days,

    g. Loss of Plaintiff's personal property at shared storage facility.

    h. Ongoing need for Plaintiff to protect himself – legally – from **Defendant-Perras'** criminal and tortious person,

    i. Irreparable damage (via the internet), and

    j. Plaintiff's acquirement of an accruing phone bill that has landed in collections in his name.

34. In the above accord, on **03/30/14**, in course of response to investigate a call to police making report of "man-handling of a child by, **Defendant-Ms. Perras** " [see: **EXHIBIT D**, "Police Call", pgs. 2 – 6] ", **Defendant-Ms. Wennerberg** was offered, via unpermitted disclosure and use, viewing of unpermitted interception **recording No. 1.** procured by **Defendant-Ms. Perras**.

35. **Defendant-Ms. Wennerberg**, in turn, initially committed **unpermitted disclosure and use** of the contents of **Defendant-Ms. Perras'** unpermitted recording, offered for her viewing, in narrative to the Department of Children and Families – on 03/30/14; then separately in narrative of police report – filed by her, at the Danvers Police Department – about 04/02/14 " [See: **EXHIBIT E**, "Police Report", pgs. 1 and 2] ". Then separately committing the same via unpermitted disclosure and use in report directed to the Salem District Court – about 04/02/14, in **tainted** influence of criminal process that landed the Plaintiff in a jail; separately committing the same via unpermitted disclosure and use in narrative of subsequent police report – filed by her, at the Danvers Police Department – about 10/22/14 " [See: **EXHIBIT E**, "Police Report", pgs. 1 and 2] "; **then again,** separately committing the same via unpermitted disclosure and use in report directed to the Salem District Court – about 10/22/14, in **tainted re**influence of criminal process against the plaintiff:

(*a*) **knowing,  or having reason to know,** her disclosed and used information **was product of interception** (violating Massachusetts State Law**),** also (*b*) **– knowing, or having reason to know, the content of her** disclosed and used information was obtained through interception **procured for the purpose of advantage in child custody proceedings** (violating the **Federal Wiretap Act**) ...

in stray from the scope of her official duties, **while having reason to know** the basis of these acts were criminal where **disclosing and using** of information obtained in violation of the **Federal Wiretap Act** – by reckless disregard as to whether this conduct was or was not prohibited[10] – in view of her presumed familiarity with the clear stated law in this area.

36. **Citing**:

    a.   Unpermitted/ intentional disclosure and use of the content of **Recording No. 1** in her 51/A report made to D.C.F. (violating both state and federal statutes);

    b.   unpermitted/ intentional disclosure and use of the content of **Recording No. 1** in her initial police department reporting/filing (violating both state and federal statutes);

    c.   unpermitted/ intentional disclosure and use of the content of **Recording No. 1** in her 10/22/14 initial transfer to the Salem District Court (violating both state and federal statutes); and

    d.   unpermitted/ intentional disclosure and use of the content of **Recording No. 1** in her 10/22/14 subsequent police department reporting/filing (violating both state and federal statutes), and

    e.   unpermitted/ intentional disclosure and use of the content of **Recording No. 1** in her 10/22/14 subsequent transfer to the Salem District Court (violating both state and federal statutes).

**Constituting** "hearing, or other proceeding[s]" the **Act** expressly bans from receiving the contents of interception one had reason to know or knew to be in violation of this **Act**, at **§ 2515.**

37. In accord to the above, on **03/30/14**, in course of emergency response to investigate a **51/A report** made to D.C.F. – merely reporting rough handling of a child, **Defendants-Ms. Doherty and Ms. Silva, together,** were offered, via unpermitted disclosure and use, viewing of unpermitted interception **Recordings No. 1 and 2** procured by **Defendant-Ms. Perras**.

38. **Defendants-Ms. Doherty and Ms. Silva, together,** in turn, on **03/30/14**, committed **unpermitted disclosure and use** of the contents of **Defendant-Ms. Perras'** unpermitted recordings, offered for their viewing, in narrative of an investigative proceeding, as evidence – co-filed by them, at the Department of Children and Families. Subsequently, and separately committing the same, by virtue of the violations transfer as a referral to the Salem District Court DA's Office about 04/01/14 in **tainted** influence of criminal process that landed the Plaintiff in a jail:

---

[10] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).

(*a*) **knowing, or having reason to know,** their disclosed and used information **was product of interception** (violating Massachusetts State Law), also (*b*) – **knowing, or having reason to know, the content of their** disclosed and used information was obtained through interception **procured for the purpose of damaging the Plaintiff's** (known) **abiding reputation, cutting him off from his children, and advantage in child custody proceedings** (violating the **Federal Wiretap Act**) ...

in stray from the scope of their offical duties, **while having reason to know** the basis of these acts were criminal where **disclosing and using** of information obtained in violation of the **Federal Wiretap Act** – by reckless disregard as to whether this conduct was or was not prohibited – in view of their presumed familiarity with the clear stated law in this area.

39. **Citing**:

   a. Unpermitted/ intentional disclosure and use of the contents of **Recording No. 1 and 2** in department report – sparking decision to support suspected abuse against the Plaintiff (violating both state and federal statutes);

   b. Unpermitted/ intentional subsequent disclosure and use of the contents of **Recording No. 1 and 2** in transfer the Salem District Court – as a DA referral, in **tainted** influence of criminal process that landed the Plaintiff in a jail (violating both state and federal statutes);

   **Constituting** "hearing, or other proceeding[s]" the **Act** expressly bans from receiving the contents of interception one had reason to know or knew to be in violation of this **Act**, at **§ 2515.**

40. In accord of the above, between **04/01/014 – 10/27/14, Defendant-Mr. Collins** committed **unpermitted disclosure and use** of the contents of **Defendant-Ms. Perras'** unpermitted recordings, at the Salem District Court, in relation to Case Dkt. No.: 1436CR000984, via:

   • **Judicial proceeding to obtain warrant** to apprehend person of the plaintiff – about 04/02/14,

   • **Judicial proceeding for probable cause to arrest** the Plaintiff – on 04/17/14,

   • **Judicial proceeding for pretrial detainment** of the Plaintiff – on 04/17/14,

   • **Judicial proceeding for pretrial detainment** of the Plaintiff – on 04/23/14, and, in,

   • **Litigation threatening [new] criminal process** against the Plaintiff, **for 3 [new] subsequent counts** of Assault and Battery – on 10/27/14

   " [see: **EXHIBIT F,** "Pictures #1 & 2, and Duplicated Recordings #1 & 2"] ".

(*a*) **knowing, or having reason to know,** his disclosed and used information **was product of interception** (violating Massachusetts State Law), also (*b*) – **knowing, or having reason to know, the content of his** disclosed and used information was obtained through interception **procured for the purpose of damaging the Plaintiff's** (known) **abiding reputation, cutting him off from his children, and advantage in child custody proceedings** (violating the **Federal Wiretap Act**) ...

in stray from the scope of his official duties, **while having reason to know** the basis of these acts were criminal where **disclosing and using** of information obtained in violation of the **Federal Wiretap Act** – by reckless disregard as to whether this conduct was or was not prohibited – in view of his presumed familiarity with the clear stated law in this area.

<u>Constituting</u> "hearing, or other proceeding[s]" the **Act** expressly bans from receiving the contents of interception he had reason to know or knew to be in violation of this **Act, at § 2515.**

41. In accord of the above, between **04/01/014 – 10/27/14, Defendant-Mr. Collins** committed **unpermitted disclosure and use** of the contents of **Defendant-Ms. Perras'** unpermitted recordings, at the Salem District Court, in relation to Case Dkt. No.: 1436CR000984, via:

- **Judicial proceeding to obtain warrant** to apprehend person of the plaintiff – about 04/02/14,

- **Judicial proceeding for probable cause to arrest** the Plaintiff – on 04/17/14,

- **Judicial proceeding for pretrial detainment** of the Plaintiff – on 04/17/14,

- **Judicial proceeding for pretrial detainment** of the Plaintiff – on 04/23/14, and, in,

- **Litigation threatening [new] criminal process** against the Plaintiff, **for 2 separate counts** of Assault and Battery – on 10/27/14

    " **[see: EXHIBIT F,** "Pictures #1 & 2, and Duplicated Recordings #1 & 2"**]** ".

(*a*) **knowing, or having reason to know,** his disclosed and used information **was product of interception** (violating Massachusetts State Law), also (*b*) – **knowing, or having reason to know, the content of his** disclosed and used information was obtained through interception **procured for the purpose of damaging the Plaintiff's** (known) **abiding reputation, cutting him off from his children, and advantage in child custody proceedings** (violating the **Federal Wiretap Act**) ...

in stray from the scope of his official duties, **while having reason to know** the basis of these acts were criminal where **disclosing and using** of information obtained in violation

of the **Federal Wiretap Act** – by reckless disregard as to whether this conduct was or was not prohibited – in view of his presumed familiarity with the clear stated law in this area.

<u>**Constituting**</u> "hearing, or other proceeding[s]" the **Act** expressly bans from receiving the contents of interception he had reason to know or knew to be in violation of this **Act**, at **§ 2515**.

42. In accord of the above, on **09/15/14**, a [so-called] Comprehensive Assessment [excluding further input of the Plaintiff], following referral, was completed by the Department of Children and Families, by which a decision was made to continue an open "Supported" case of assumed abuse pending against the Plaintiff <u>using **contents** of the stated recordings</u> of **Defendant-Ms. Perras** [i.e., **Recordings No. 1 and 2**].

   " [**see: EXHIBIT <u>G</u>**, "D.C.F." C.M.R.-Regulation and devised Service Plan] "

43. It is Plaintiff's understanding, by personal report of Plaintiff's D.C.F. worker Carlos Bessa, and virtue of D.C.F.'s governing C.M.R.s[11], that the Director of Areas " **Defendant-Mr. Doyle** " was primarily [directly or indirectly] responsible for:

- The said referral and assessment of the subject matter of the said referral [ahead of the said 'Comprehensive Assessment'], causing it's transfer as inclusive of unpermitted disclosure and use of the contents of **Defendant-Ms. Perras' unpermitted "Recordings No. 1 and 2"**, at least 45 days prior to the stated disposition of the stated completed 'Comprehensive Assessment',

(*a*) **knowing,  or having reason to know,** his disclosed and used information **was product of interception** (violating Massachusetts State Law**), also** (*b*) – **knowing, or having reason to know, the content of his** disclosed and used information was obtained through interception **procured for the purpose of damaging the Plaintiff's** (known) **abiding reputation, cutting him off from his children, and advantage in child custody proceedings** (violating Title III) ...

in stray from the scope of his official duties, **while having reason to know** the basis of these acts were criminal where **disclosing and using** of information obtained in violation of the **Federal Wiretap Act** – by reckless disregard as to whether this conduct was or was not prohibited – in view of his presumed familiarity with the clear stated law in this area.

---

[11] 110 CMR 10.08(2), and 10.08(3).

**In addition to**, having the authority to resolve disputes and to clarify issues, with the goal of reaching an agreement which would dispose of the need for, or limit the issues to be resolved at the Fair Hearing.

44. **Citing**:

   a. Unpermitted/ intentional disclosure and use of the contents of **Recordings No. 1 and 2** where received as evidence, in D.C.F.'s Referral for Comprehensive Assessment (violating both state and federal statutes).

**Constituting** "hearing, or other proceeding[s]" the **Act** expressly bans from receiving the contents of interception one had reason to know or knew to be in violation of this **Act**, at **§ 2515**.

45. It is Plaintiff's understanding, by virtue of D.C.F.'s governing C.M.R.s, that the Director of Areas " **Defendant-Mr. Doyle** " was primarily [directly or indirectly] responsible for:

   • Allowing the matter of said referral to be assessed in course of a "Comprehensive Assessment" as inclusive of unpermitted disclosure and use of the contents of **Defendant-Ms. Perras' unpermitted "Recordings No. 1 and 2"**, causing the Plaintiff to become subject to furthered injury requiring his adherence to a ' D.C.F. SERVICE PLAN' as a suspected perpetrator of abuse, threatening to land his name in D.C.F.'s data-base as an abuser,

(*a*) **knowing, or having reason to know,** his disclosed and used information **was product of interception** (violating Massachusetts State Law**,** also (*b*)  – **knowing, or having reason to know, the content of his** disclosed and used information was obtained through interception **procured for the purpose of damaging the Plaintiff's** (known) **abiding reputation, cutting him off from his children, and advantage in child custody proceedings** (violating the **Federal Wiretap Act**) ...

in stray from the scope of his official duties, **while having reason to know** the basis of these acts were criminal where **disclosing and using** of information obtained in violation of the **Federal Wiretap Act** – by reckless disregard as to whether this conduct was or was not prohibited – in view of his presumed familiarity with the clear stated law in this area.

**In addition to**, having the authority to resolve disputes and to clarify issues, with the goal of reaching an agreement which would dispose of the need for, or limit the issues to be resolved at the Fair Hearing.

46. **Citing**:

    a. Unpermitted/ intentional disclosure and use of the contents of **Recordings No. 1 and 2** where received as evidence, in D.C.F.'s Referral for Comprehensive Assessment – continuing decision to support suspected abuse against the Plaintiff (violating both state and federal statutes).

**Constituting** "other proceedings" the **Act** expressly bans from receiving the fruits of known interception in violation of this **Act**, at **§ 2515**.

47. In the above accord, about **12/01/14**, in course of Plaintiff's exercise of his constitutional right to initiate visitation with the children between himself and **Defendant-Ms. Perras**, **Defendant-Ms. Aziz** was offered, via unpermitted disclosure and use, viewing of unpermitted interception **Recording No. 1**. procured by **Defendant-Ms. Perras**.

48. **Defendants-Ms. Aziz,** in turn, on **01/05/15** (as stated counsel for **Defendant-Ms. Perras**), via litigation submitted and oral argument – committed **unpermitted disclosure and use** of the contents of **Defendant-Ms. Perras'** unpermitted recordings, offered for her viewing, at the Plaintiff's visitation hearing, at the **Essex Probate and Family Court**,

(*a*) **knowing, or having reason to know**, her disclosed and used information **was product of interception** (violating Massachusetts State Law**)**, also (*b*) – **knowing, or having reason to know, the content of her** disclosed and used information was obtained through interception **procured for the purpose of cutting him off from his children, and advantage in child custody proceedings** (violating Title III) ...

in stray from the scope of her official duties, **while having reason to know** the basis of these acts were criminal where **disclosing and using** of information obtained in violation of the **Federal Wiretap Act** – by reckless disregard as to whether this conduct was or was not prohibited – in view of her presumed familiarity with the clear stated law in this area.

49. **Citing**:

    a. Unpermitted/ intentional disclosure and use of the content of **Recording No. 1** at Plaintiff's visitation hearing – personally undertaken in join of **Defendant-Ms. Perras'** continued effort to harass and disrupt the Plaintiff's constitutional right to access to the children between him and **Defendant-Ms. Perras**. **See: EXHIBIT H,** Text Messages of February 16, 2014, at **9:34** p.m.; and **EXHIBIT H,** Admissions and Submissions of Counsel,

**Constituting** "hearing, or other proceeding[s]" the **Act** expressly bans from receiving the contents of interception she had reason to know or knew to be in violation of this **Act**, at **§ 2515**.

50. In the above accord, on **02/20/15**, in course of what **Defendant-Ms. Aziz** deemed an attempt to settle (in case), and Plaintiff's exercise of his constitutional right to initiate visitation with the children between himself and **Defendant-Ms. Perras, Defendant-Ms. Aziz** – committed **act of endeavoring to disclose and use** the contents of **Defendant-Ms. Perras'** unpermitted recordings, offered for her viewing, at the Plaintiff's trial, scheduled at the **Essex Probate and Family Court**, for **March 25, 2015**. Effected by direct phone conversation had with the **Plaintiff,**

(*a*) **knowing, or having reason to know,** her disclosed and used information **was product of interception** (violating Massachusetts State Law), also (*b*) – **knowing, or having reason to know, the content of her** disclosed and used information was obtained through interception **procured for the purpose of cutting him off from his children, and advantage in child custody proceedings** (violating Title III) ...

in stray from the scope of her official duties, **while having reason to know** the basis of these acts were criminal where **disclosing and using** of information obtained in violation of the **Federal Wiretap Act** – by reckless disregard as to whether this conduct was or was not prohibited – in view of her presumed familiarity with the clear stated law in this area.

51. **Citing**:

   a. Endeavoring disclosure and use of the content of **Recording No. 1** at Plaintiff's **Family Court** date, set for **March 25, 2015** – personally undertaken in join of **Defendant-Ms. Perras'** continued effort to harass and disrupt the Plaintiff's constitutional right to access to the children between him and **Defendant-Ms. Perras**. See: **EXIBIT H,** Text Messages of February 16, 2014, at **9:34** p.m.; and **EXIBIT H,** Admissions and Submissions of Counsel,

   **Constituting** "hearing, or other proceeding[s]" the **Act** expressly bans from receiving the contents of interception she had reason to know or knew to be in violation of this **Act**, at § **2515**.

## PERTINENT STATEMENTS OF LAW

52. Refer to **APPENDIX** attached hereto.

## STATEMENT OF CLAIMS

53. Neither, defense of 'Qualified Immunity' or ' Litigation Privilege' has application on part of any of the stated government or attorney defendants where they ventured beyond the protected bounds of their authority, office, or professional duty to commit these unlawful acts, as acts of crime fall outside the scope of immunity and privileged protections, protecting behavior and conduct related to the functions of one's office and course of litigating.

54. The Defendants actions were deliberate, thoughtless, and continue to be harassing, unprivileged, unauthorized, unpermitted, and a serious invasion of the plaintiff's private, mental, and emotional tranquility. Where the injuries and affects plaintiff suffer are, indeed, the direct results of the defendants' reckless, extreme, and intentional behavior. Merely arising out of where Defendant-**Ms. Perras** misinterpreted circumstance about February, 2014, resulting in her confused resolve to preclude and deny the Plaintiff space to develop legal and loving relationship to the children between her and him.

55. The facts set forth above in ¶¶ **1 – 54** are hereby incorporated in full with the same force and effect as if individually re-alleged in the following Count(s) **I – XXVIII**:

### Count I
### Violation of the State Wiretap Statute M.G.L.A. c. 272, § 99(C)(1)
### Against: Sarah Perras [Defendant]

56. **Defendant-Perras'** unpermitted act(s), **on 03/30/14**, secretly recorded the oral communication of the Plaintiff without giving him notice of her recording, <u>or</u> securing all party consent – for selfish gain, intending preclusion, injury, and, disregard of the Plaintiff's right to privacy and his sought after Constitutional right to parent – at **8:30 a.m.**, causing injury, creating cause for this action, pursuant to **G.L. c. 272, §§§ 99(Q)(1) – (3)**.

### Count II
### Violation of the Federal Wiretap Act, 18 U.S.C. §§ 2511(1)(a), (2)(d)
### Against: Sarah Perras [Defendant]

57. The **Federal Wiretap Act** states in relevant part that it is a crime to intentionally intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any wire, oral, or electronic communication if such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State. 18 U.S.C. §§ 2511(1)(a), (2)(d).

58. **Defendant-Perras'** act(s), **on 03/30/14**, intentionally recorded the oral communication of the Plaintiff – intending injury via **crime** that secretly recorded the oral communication of the Plaintiff [in violation of the **Massachusetts Wiretap Act, at § 99(C)(1)**]; and **scheme** to bring about damage of the Plaintiff's 'known' abiding person, in violation of his Constitutional Right she knew to be positioned to successfully apply for shared custody and visitation of children between herself and him – in violation of the **Federal Wiretap Act, at § § 2511(1)(a), (2)(d)** – at **8:30 a.m.**, causing injury, creating cause for this action, pursuant to **18 U.S.C. §§§ 2520(a), (b), and (c)(2)(B)**.

### Count III
### Violation of the State Wiretap Statute M.G.L.A. c. 272, § 99(C)(1)
### Against: Sarah Perras [Defendant]

59. **Defendant-Perras'** unpermitted act(s), **on 03/30/14**, secretly recorded the oral communication of the Plaintiff without giving him notice of her recording, <u>or</u> securing all

party consent – for selfish gain, intending preclusion, injury, and, disregard of the Plaintiff's right to privacy and his sought after Constitutional right to parent – at **10:30 a.m.**, causing injury, creating cause for this action, pursuant to **G.L. c. 272, §§§ 99(Q)(1) – (3)**.

### Count IV
### Violation of the Federal Wiretap Act, 18 U.S.C. §§ 2511(1)(a), (2)(d)
### Against: Sarah Perras [Defendant]

60. **Defendant-Perras'** act(s), **on 03/30/14**, intentionally recorded the oral communication of the Plaintiff – intending injury via **crime** that secretly recorded the oral communication of the Plaintiff [in violation of the **Massachusetts Wiretap Act, at § 99(C)(1)**]; and **scheme** to bring about damage of the Plaintiff's 'known' abiding person, in violation of his Constitutional Right she knew to be positioned to successfully apply for shared custody and visitation of children between herself and him – in violation of the **Federal Wiretap Act, at § § 2511(1)(a), (2)(d)** – at **10:30 a.m.**, causing injury, creating cause for this action, pursuant to **18 U.S.C. §§§ 2520(a), (b), and (c)(2)(B)**.

### Count V
### Violation of the State Wiretap Statute M.G.L.A. c. 272, § 99(C)(3)(a)
### Against: Sarah Perras [Defendant]

61. **Defendant-Perras'** unpermitted act(s) in **disclosure** of her unpermitted recordings, between **03/30/14** and **01/05/15, violate Act**, for her 7 separate disclosures:

- to the Danvers Police – about 7:05 p.m., on 03/30/14, **disclosing contents of Recording No. 1,**

- to D.C.F. – about 11 p.m., on 03/30/14, **disclosing contents of Recordings No. 1 & 2,**

- to DA of the Salem District Court – about 04/23/14, **disclosing contents of Recordings No. 1 & 2,**

- to the Essex Probate and Family Court – about 04/01/14, **disclosing contents of Recordings No. 1 & 2,**

- **in endeavoring** at the Essex Probate and Family Court – on 11/13/14, **disclosing contents of Recordings No. 1 & 2,**

- on Facebook – on 11/18/14, **disclosing contents of Recordings No. 1 & 2**, and

- to **Defendant-Ms. Aziz** – about 12/01/14, **disclosing contents of Recording No. 1,**

**knowing, or having reason to know,** her disclosed information **was product of interception** – causing injury, amid **scheme** to bring about damage of the Plaintiff's

'known' abiding person, in violation of his Constitutional Right she knew to be positioned to successfully apply for shared custody and visitation of children between herself and him, creating cause for this action, pursuant to **G.L. c. 272, §§ 99(Q)(1) – (3).**

## Count VI
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(c)
### Against: Sarah Perras [Defendant]

62. **Defendant-Perras'** intentional act(s) in **disclosure** of her intentional recordings, between **03/30/14** and **01/05/15, violate Act,** for her 7 separate knowing disclosures,

- to the Danvers Police – about 7:05 p.m., on 03/30/14, **disclosing contents of Recording No. 1,**

- to D.C.F. – about 11 p.m., on 03/30/14, **disclosing contents of recordings No. 1 & 2,**

- to DA of the Salem District Court – about 04/23/14, **disclosing contents of Recordings No. 1 & 2,**

- to the Essex Probate and Family Court – about 04/01/14, **disclosing contents of Recordings No. 1 & 2,**

- **in endeavoring** at the Essex Probate and Family Court – on 11/13/14, **disclosing contents of Recordings No. 1 & 2,**

- on Facebook – on 11/18/14, **disclosing contents of Recordings No. 1 & 2,** and

- to **Defendant-Ms. Aziz** – about 12/01/14, **disclosing contents of Recording No. 1,**

of content of the Plaintiff's oral communications – intended to injure by criminal and tortious means, **knowing, or having reason to know** the basis of her conduct was **disclosing** information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[12] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§ 2520(a), (b), and (c)(2)(B).**

## Count VII
### Violation of the State Wiretap Statute M.G.L.A. c. 272, § 99(C)(3)(b)
### Against: Sarah Perras [Defendant]

63. **Defendant-Perras'** unpermitted act(s) in **use** of her unpermitted recordings, between **03/30/14** and **11/13/14, violate Act,** for her 6 separate uses,

---

[12] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).

- with the Danvers Police – about 7:05 p.m., on 03/30/14, **using contents of Recording No. 1,**

- with D.C.F. – about 11 p.m., on 03/30/14, **using contents of Recordings No. 1 & 2,**

- with the DA of the Salem District Court – about 04/23/14, **using contents of Recordings No. 1 & 2,**

- with the Essex Probate and Family Court – about 04/01/14, **using contents of Recordings No. 1 & 2,**

- **in endeavoring** at the Essex Probate and Family Court – on 11/13/14, **related to contents of Recordings No. 1 & 2,** and

- with **Defendant-Ms. Aziz** – about 12/01/14, **using contents of Recording No. 1,**

**knowing, or having reason to know,** her used information **was product of interception** – causing injury, amid **scheme** to bring about damage of the Plaintiff's 'known' abiding person, in violation of his Constitutional Right she knew to be positioned to successfully apply for shared custody and visitation of children between herself and him, creating cause for this action, pursuant to **G.L. c. 272, §§ 99(Q)(1) – (3).**

### Count VIII
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(d)
### Against: **Sarah Perras** [Defendant]

64. **Defendant-Perras'** intentional act(s) in **use** of her intentional recordings, between **03/30/14** and **11/13/14, violate Act,** via her <u>6 separate uses,</u>

- to the Danvers Police – about 7:05 p.m., on 03/30/14, **using contents of Recording No. 1,**

- to D.C.F. – about 11 p.m., on 03/30/14, **using contents of Recordings No. 1 & 2,**

- to DA of the Salem District Court – about 04/23/14, **using contents of Recordings No. 1 & 2,**

- to the Essex Probate and Family Court – about 04/01/14, **using contents of Recordings No. 1 & 2,**

- **in endeavoring** at the Essex Probate and Family Court – on 11/13/14, **using contents of Recordings No. 1 & 2,** and

- to **Defendant-Ms. Aziz** – about 12/01/14, **using contents of Recording No. 1,**

of content of the Plaintiff's oral communications – intended to injure by criminal and tortious means, **knowing, or having reason to know** the basis of her conduct was **using information obtained in violation of the Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[13] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§ 2520(a), (b), and (c)(2)(B).**

### Count IX
### Violation of State Wiretap Statute M.G.L.A. c. 272, § 99(C)(3)(a)
### Against: Stephanie Wennerberg [Defendant]

65. The Defendant's unpermitted act(s) in disclosure of contents of the Plaintiff's oral communications were **knowing, or having reason to know,** her disclosure of information, on **03/30/14, was product of interception** which violate the State's Wiretap Statute at **§ 99(C)(3)(a),** via Defendant's:

- report directed to the Department of Children and Families (on 03/30/14), **disclosing contents of 'Recording No. 1',**

- narrative of initial police report – filed by her, at the Danvers Police Department (about 04/02/14), **disclosing contents of 'Recording No. 1',**

- police report transfer (on about 04/02/14) directed to the Salem District Court in support of criminal process, **disclosing contents of 'Recording No. 1',**

- narrative of subsequent police report – filed by her, at the Danvers Police Department (on 10/22/14), **disclosing contents of 'Recording No. 1',** and

- subsequent, police report transfer (on about 10/22/14) directed to the Salem District Court DA in further support of criminal process, **disclosing contents of 'Recording No. 1',**

where willfulness is not a prerequisite needing to be proved (per, **Birbiglia v. St. Vincent Hosp., Inc. (1998),** 427 Mass. 80, 87), and the defendant's actions are actionable and unprivileged. **Creating cause** for this action, pursuant to **G.L. c. 272, § 99(Q)(1) – (3).**

### Count X
### Violation of State Wiretap Statute M.G.L.A. c. 272, § 99(C)(3)(b)
### Against: Stephanie Wennerberg [Defendant]

66. The Defendant's unpermitted act(s) in use of contents of the Plaintiff's oral communications were **knowing, or having reason to know,** her use of information, on **03/30/14, was product of interception** which violate the State's Wiretap Statute at **§ 99(C)(3)(b),** via Defendant's:

---

[13] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).

- report directed to the Department of Children and Families (on 03/30/14), **using contents of 'Recording No. 1'**,

- narrative of initial police report – filed by her, at the Danvers Police Department (on 03/30/14), **using contents of 'Recording No. 1'**,

- police report transfer (on about 04/02/14) directed to the Salem District Court in support of criminal process, **using contents of 'Recording No. 1'**,

- narrative of subsequent police report – filed by her, at the Danvers Police Department (on 10/22/14), **using contents of 'Recording No. 1'**, and

- subsequent, police report transfer (on about 10/22/14) directed to the Salem District Court in further support of criminal process, **using contents of 'Recording No. 1'**,

where willfulness is not a prerequisite needing to be proved, and defenses of good faith or privilege are not applicable. **Creating cause** for this action, pursuant to **G.L. c. 272, § 99(Q)(1) – (3).**

### Count XI
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(c)
### Against: Stephanie Wennerberg [Defendant]

67. The Defendant's intentional act(s) in disclosure of contents of the Plaintiff's oral communications were **knowing, or having reason to know,** her disclosure of information, **was obtained through the interception of oral communication** which violate the **Federal Wiretap Act**, at **§ 2511(1)(c)**, via Defendant's:

- report directed to the Department of Children and Families (on 03/30/14), **disclosing contents of 'Recording No. 1'**,

- narrative of initial police report – filed by her, at the Danvers Police Department (on 03/30/14), **disclosing contents of 'Recording No. 1'**,

- police report transfer (on about 04/02/14) directed to the Salem District Court in support of criminal process, **disclosing contents of 'Recording No. 1'**,

- narrative of subsequent police report – filed by her, at the Danvers Police Department (on 10/22/14), **disclosing contents of 'Recording No. 1'**, and

- subsequent, police report transfer (on about 10/22/14) directed to the Salem District Court in further support of criminal process, **disclosing contents of 'Recording No. 1'**,

In reckless disregard as to whether these acts was or were not prohibited[14] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), (c)(2)(B), and (g).**

<h3 style="text-align:center">Count XII<br>Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(d)<br>Against: Stephanie Wennerberg [Defendant]</h3>

68. The Defendant's intentional act(s) in use of contents of the Plaintiff's oral communications were **knowing, or having reason to know,** her use of information, **was obtained through the interception of oral communication** which violate the **Federal Wiretap Act**, at **§ 2511(1)(d),** via Defendant's:

- report directed to the Department of Children and Families (on 03/30/14), **using contents of 'Recording No. 1',**

- narrative of initial police report – filed by her, at the Danvers Police Department (on 03/30/14), **using contents of 'Recording No. 1',**

- police report transfer (on about 04/02/14) directed to the Salem District Court in support of criminal process, **using contents of 'Recording No. 1',**

- narrative of subsequent police report – filed by her, at the Danvers Police Department (on 10/22/14), **using contents of 'Recording No. 1',** and

- subsequent, police report transfer (on about 10/22/14) directed to the Salem District Court in further support of criminal process, **using contents of 'Recording No. 1',**

In reckless disregard as to whether these acts was or were not prohibited[15] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), (c)(2)(B), and (g).**

<h3 style="text-align:center">Count XIII<br>Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(c)<br>Against: Kathleen M. Doherty [Defendant]</h3>

69. The Defendant's intentional co-act(s) in **knowing disclosure** of unlawful interception, on **03/30/14, violate** the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(c),** for her **4** separate unauthorized disclosures, via:

- **report** directed to the Department of Children and Families (on 03/30/14). Citing, her unlawful **disclosure,** of the content, of unlawfully obtained **Recordings No. 1 & 2,** offered for her viewing by **Defendant-Ms. Perras,** and,

---

[14] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).
[15] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).

- **subsequent report** (on, or about 04/01/14), in substance of it's transfer to the Salem District Court. <u>Citing</u>, her unlawful **disclosure**, of the content, of unlawfully obtained **Recordings No. 1 & 2**, offered for her viewing by **Defendant-Ms. Perras**

– **while having reason to know** her acts were **disclosing** information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[16] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), (c)(2)(B), and (g)**.

## Count XIV
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(d)
### Against: Kathleen M. Doherty [Defendant]

70. The Defendant's intentional co-act(s) in **knowing use** of unlawful interception, on **03/30/14, violate** the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(d)**, for her <u>4 separate unauthorized uses</u>, at the Department of Children and Families, and in cause of use directed at the Salem District Court, via:

- **report** directed to the Department of Children and Families (on 03/30/14). <u>Citing</u>, her unlawful **use**, of the content, of unlawfully obtained **Recordings No. 1 & 2**, offered for her viewing by **Defendant-Ms. Perras**, and,

- **subsequent report** (on, or about 04/01/14), in substance of it's transfer to the Salem District Court. <u>Citing</u>, her unlawful **use**, of the content, of unlawfully obtained **Recordings No. 1 & 2**, offered for her viewing by **Defendant-Ms. Perras**

– **while having reason to know** her acts were **using** information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[17] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), (c)(2)(B), and (g)**.

## Count XV
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(c)
### Against: Angela Silva [Defendant]

71. The Defendant's intentional co-act(s) in **knowing disclosure** of unlawful interception, on **03/30/14, violate** the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(c)**, for her <u>4 separate unauthorized disclosures</u>, via:

- **report** directed to the Department of Children and Families (on 03/30/14). <u>Citing</u>, her unlawful **disclosure**, of the content, of unlawfully obtained **Recordings No. 1 & 2**, offered for her viewing by **Defendant-Ms. Perras**, and,

---

[16] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).
[17] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).

- **subsequent report** (on, or about 04/01/14), in substance of it's transfer to the Salem District Court. <u>Citing</u>, her unlawful **disclosure**, of the content, of unlawfully obtained **Recordings No. 1 & 2**, offered for her viewing by **Defendant-Ms. Perras**

– **while having reason to know** her acts were **disclosing** information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[18] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), (c)(2)(B), and (g).**

## Count XVI
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(d)
### Against: Angela Silva [Defendant]

72. The Defendant's intentional co-act(s) in **knowing use** of unlawful interception, on **03/30/14, violate** the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(d)**, for her <u>4 separate unauthorized uses</u>, at the Department of Children and Families, and in cause of use directed at the Salem District Court, via:

- **report** directed to the Department of Children and Families (on 03/30/14). <u>Citing</u>, her unlawful **use**, of the content, of unlawfully obtained **Recordings No. 1 & 2**, offered for her viewing by **Defendant-Ms. Perras**, and,

- **subsequent report** (on, or about 04/01/14), in substance of it's transfer to the Salem District Court. <u>Citing</u>, her unlawful **use**, of the content, of unlawfully obtained **Recordings No. 1 & 2**, offered for her viewing by **Defendant-Ms. Perras**

– **while having reason to know** her acts were **using** information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[19] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), (c)(2)(B), and (g).**

## Count XVII
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(c)
### Against: Patrick Collins [Defendant]

73. The Defendant's intentional act(s) in knowing disclosure of unlawful interception, between dates of **04/02/14** and **10/27/14 violate** the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(c)**, for his <u>5 separate unauthorized disclosures</u>, at the Salem District Court, in relation to Case Dkt. No.: 1436CR000984, via:

- **Judicial proceeding to obtain warrant** to apprehend person of the plaintiff – about 04/02/14, **disclosing contents of Recordings No. 1 & 2,**

---

[18] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).
[19] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).

- **Judicial proceeding for probable cause to arrest** the Plaintiff – on 04/17/14, **disclosing contents of Recordings No. 1 & 2**,

- **Judicial proceeding for pretrial detainment** of the Plaintiff – on 04/17/14, **disclosing contents of Recordings No. 1 & 2**,

- **Judicial proceeding for pretrial detainment** of the Plaintiff – on 04/23/14, **disclosing contents of Recordings No. 1 & 2**, and, in

- **Litigation threatening [new] criminal process** against the Plaintiff, **for 3 new counts** of Assault and Battery – on 10/27/14, **disclosing contents of Recordings No. 1 & 2**,

in stray from the scope of his authority, **while having reason to know** the basis of these acts were criminal and **disclosing** of information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[20] – in view of his presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), (c)(2)(B), and (g)**.

<u>**Count XVIII**</u>
**Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(d)**
**Against: Patrick Collins [Defendant]**

74. The Defendant's intentional act(s) in knowing disclosure of unlawful interception, between dates of **04/02/14** and **10/27/14 violate** the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(d)**, for his <u>5 separate unauthorized uses</u>, at the Salem District Court, in relation to Case Dkt. No.: 1436CR000984, via:

- **Judicial proceeding to obtain warrant** to apprehend person of the plaintiff – about 04/02/14, **using contents of Recordings No. 1 & 2**,

- **Judicial proceeding for probable cause to arrest** the Plaintiff – on 04/17/14, **using contents of Recordings No. 1 & 2**,

- **Judicial proceeding for pretrial detainment** of the Plaintiff – on 04/17/14, **using contents of Recordings No. 1 & 2**,

- **Judicial proceeding for pretrial detainment** of the Plaintiff – on 04/23/14, **using contents of Recordings No. 1 & 2**, and, in

- **Litigation threatening [new] criminal process** against the Plaintiff, **for 3 new counts** of Assault and Battery – on 10/27/14, **using contents of Recordings No. 1 & 2**,

---

[20] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).

in stray from the scope of his authority, **while having reason to know** the basis of these acts were criminal and **using** of information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[21] – in view of his presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), (c)(2)(B), and (g).**

### Count XIX
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(c)
### Against: John Doyle [Defendant]

75. The Defendant's willful and intentional act(s) in **knowing disclosures** of unlawful interception, about date of **09/15/14,** violate the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(c),** for his <u>4 separate unauthorized disclosures</u>, at the Department of Children and Families, in relation to **Fair Hearing Docket Number:  2013-0476,** via:

- The stated referral and assessment ahead of the stated 'Comprehensive Assessment', and it's allowed transfer as inclusive of **unauthorized disclosure** of the contents of **Defendant-Ms. Perras' "Recordings No. 1 and 2",** at least 45 days prior to the stated disposition of the stated 'Comprehensive Assessment', and,

- Causing the matter of said referral to be assessed in course of a 'Comprehensive Assessment' as inclusive of **unauthorized disclosure** of the contents of **Defendant-Ms. Perras' "Recordings No. 1 and 2",** causing the Plaintiff to become subject to an adverse decision requiring his adherence as a suspected perpetrator of abuse, and **Department insults,**

in stray from the scope of his authority, **while having reason to know** the basis of these acts were criminal and **disclosing** of information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[22] – in view of his presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), (c)(2)(B), and (g).**

### Count XX
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(d)
### Against: John Doyle [Defendant]

76. The Defendant's willful and intentional act(s) in **knowing uses** of unlawful interception, about date of **09/15/14,** violate the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(d),** for his <u>4 separate unauthorized uses</u>, at the Department of Children and Families, in relation to **Fair Hearing Docket Number:  2013-0476,** via:

- The stated referral and assessment ahead of the stated 'Comprehensive Assessment', and it's allowed transfer as inclusive of **unauthorized use** of the contents of

---

[21] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).
[22] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).

Defendant-Ms. Perras' **"Recordings No. 1 and 2"**, at least 45 days prior to the stated disposition of the stated 'Comprehensive Assessment', and,

- Causing the matter of said referral to be assessed in course of a 'Comprehensive Assessment' as inclusive of **unauthorized use** of the contents of **Defendant-Ms. Perras' "Recordings No. 1 and 2"**, causing the Plaintiff to become subject to an adverse decision requiring his adherence as a suspected perpetrator of abuse, and **Department insults,**

in stray from the scope of his authority, **while having reason to know** the basis of these acts were criminal and **using** of information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[23] – in view of his presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), (c)(2)(B), and (g).**

## Count XXI
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(c)
### Against: **Julie Aziz** [Defendant]

77. The Defendant's intentional act(s) in **knowing disclosure** of unlawful interception, on **01/05/15**, violate the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(c)**, for her <u>unauthorized disclosure</u>, at the Essex Probate and Family Court, in relation to **Plaintiff's hearing for visitation with his children**, via:

- **Unauthorized Disclosure** of the contents of **Defendant-Ms. Perras' "Recording No. 1"** at Plaintiff's visitation hearing – **undertaken as a criminal act** in join of **Defendant-Ms. Perras'** continued effort to harass and disrupt the Plaintiff's constitutional right to access to the children between him and **Defendant-Ms. Perras**, and

- Undue prejudice, causing the subject of said hearing to be unfairly assessed,

in stray from the scope of her practice, **while having reason to know** the basis of these acts were criminal and **disclosing** of information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[24] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), and (c)(2)(B).**

## Count XXII
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(d)
### Against: **Julie Aziz** [Defendant]

78. The Defendant's intentional act(s) in **knowing use** of unlawful interception, on **01/05/15**, **violate** the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(c)**, for her <u>unauthorized use</u>,

---

[23] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).
[24] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).

at the Essex Probate and Family Court, in relation to **Plaintiff's hearing for visitation with his children**, via:

- **Unauthorized Use** of the contents of **Defendant-Ms. Perras' "Recording No. 1"** at Plaintiff's visitation hearing – **undertaken as a criminal act** in join of **Defendant-Ms. Perras'** continued effort to harass and disrupt the Plaintiff's constitutional right to access to the children between him and **Defendant-Ms. Perras**, and

- Undue prejudice, causing the subject of said hearing to be unfairly assessed,

in stray from the scope of her official duties, **while having reason to know** the basis of these acts were criminal and **using** of information obtained in violation of the **Federal Wiretap Act** – in reckless disregard as to whether this conduct was or was not prohibited[25] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), and (c)(2)(B)**.

### Count XXIII
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(c)
### Against: Julie Aziz [Defendant]

79. The Defendant's intentional act(s), effected by direct phone conversation had with the **Plaintiff, endeavoring to disclose and use** the contents of **Defendant-Ms. Perras'** unpermitted **"Recordings"**, on **02/20/15, violate** the **Federal Wiretap Act** under **18 U.S.C. § 2511(1)(c)**,

in stray from the scope of her official duties, **while having reason to know** the basis of these acts were criminal and **would disclose or use** information obtained in violation of **the Federal Wiretap Statute** – in reckless disregard as to whether this conduct was or was not prohibited[26] – in view of her presumed familiarity with the law in this area, **creating cause** for this action, pursuant to **18 U.S.C. §§§§ 2520(a), (b), and (c)(2)(B)**.

### Count XXIV
### Invasion of Privacy pursuant to M.G.L.A. c. 214, § 1B
### Against: Sarah Perras

80. **Defendant-Perras'** willful and intentional act(s) in **'stealth' acquisition**, followed by her unlawful disclosure and use of her unlawful recordings and their contents, between **03/30/14** and **11/18/14, violated the Plaintiff's expectation of privacy**, by above stated counts:

- **I through VIII** – inclusive of Facebook assertion that she recorded the Plaintiff beating his daughter (stated on 11/18/14),

---

[25] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).
[26] Citron v. Citron, 539 F. Supp. 621 (S.D.N.Y. 1982).

where in violation of both state and federal law, as dissemination of these disclosures and uses of facts about the Plaintiff were of a highly personal and intimate nature that were no business of the public, pursuant to **G.L. c. 214, § 1B**.

## Count XXV
### Invasion of Privacy pursuant to M.G.L.A. c. 214, § 1B
### Against: Stephanie Wennerberg

81. **Defendant-Ms. Wennerberg's** continued willful and intentional act(s) in disclosure, and use of **Defendant-Ms. Perras'** unlawful recording and its contents between **03/30/14 and 10/13/14, violated the Plaintiff's expectation of privacy**, by above stated counts:

- **IX** through **XII**,

where in violation of both state and federal law, as dissemination of these disclosures and uses of facts about the Plaintiff were of a highly personal and intimate nature that were no business of the public, pursuant to **G.L. c. 214, § 1B**.

## Count XXVI
### Invasion of Privacy pursuant to M.G.L.A. c. 214, § 1B
### Against: Kathleen M. Doherty, Angela Silva, and Patrick Collins

82. **Stated Defendant's** continued willful and intentional act(s) in disclosure, and use of **Defendant-Ms. Perras'** unlawful recordings and their contents, from **03/30/14 – to date, violate the Plaintiff's expectation of privacy**, by above stated counts:

- **XIII** through **XVIII**,

where in violation of both state and federal law, as dissemination of these disclosures and uses of facts about the Plaintiff were of a highly personal and intimate nature that were no business of the public, pursuant to **G.L. c. 214, § 1B**.

## Count XXVII
### Intentional Infliction of Emotional Distress via the Stated Acts
### Against: Sarah Perras, Stephanie Wennerberg
### Kathleen M. Doherty, Angela Silva, Patrick Collins, John Doyle, and Julie Aziz

83. As a result of her acts, stemming from 03/30/14 thru 01/05/15, **Defendant-Perras'** deliberate conduct unreasonably inspired:

- criminal process against the plaintiff,
- detainment of the Plaintiff,
- Plaintiff's loss of relationship to his children (had with her),
- embarrassment,
- humiliation, and
- monetary debt

knowing, and having reason to know her conduct was wrong, as motivated out of personal hang-ups with her intimate relationship had with the Plaintiff, in intentional and reckless infliction of mental anguish and severe emotional distress, without resulting bodily injury. For which the Defendant is liable, for serious invasion of the Plaintiff's mental and emotional tranquility, pursuant to **Agis v. Howard Johnson Co. (1976), 355 N.E.2d 315, 371 Mass. 140, 143, 144**.

84. **Stated Defendants [together]** – willfully and intentionally inflicted emotional distress on the Plaintiff by their reckless disclosures and uses of his communications in bias and incompetence.

85. **Stated Defendants [together]** – knew or should have known that emotional distress would be the likely result of their criminal acts.

86. **Stated Defendants' [together]** – conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

87. **Stated Defendants actions [together]** – were the cause of the Plaintiff's distress and frustration.

88. The emotional distress sustained by the Plaintiff is severe and of a nature that no reasonable man could be expected to endure.[27]

89. Plaintiff is a reasonable man.

**Count XXVIII**
**Declaratory Judgment**
Against: **Against All Defendants**

90. Defendants feel they are better as persons [or undefeated – as Defendant-Ms. Perras has dubbed herself online] in what was their race to condemn the Plaintiff, and end his life, without sound practice of assessment, **the benefit of doubt**, or **support**, where Plaintiff proved to be abiding and a stand-up individual who made a sole mistake in handling of his child, on March 30, 2014.  But they are not, as Plaintiff stands astonished, where ambushed and abandoned by one he trusted and prayed to posses in marriage – who in the end proved to be no more than a common [sick/reckless] liar, confused for a potential life partner. Rightfully so, God separated, instead, giving the Plaintiff the strength to prevail over the confusion, lies, hate, and selfishness of Defendant-Sarah Ann Perras' ill person and scheme that has injured and continues to injure the Plaintiff by means that were inconsiderate, willful, and intentional.

**WHEREFORE,** Plaintiff, in this accord, pray and demand that he be awarded his greatest total available recovery after determination of his rights to each of the following, under any of the counts in this complaint, against the defendants, due to their monstrous acts.

---

[27] Agis v. Howard Johnson Co. (1976), 355 N.E.2d 315, 371 Mass. 140, 145.

## PLAINTIFF DEMAND A TRIAL BY JURY
## AS TO ALL CLAIMS AND COUNTS SO TRIABLE

### REQUEST FOR RELIEF

1.  Grant separate judgments against each named Defendant for Plaintiff on his claims,

2.  **Grant Injunctive and/or Equitable Relief** against Defendants, "Sarah Ann Perras" and "all stated Defendants" – and apply to all their related filings, and exercised procedures – of "D.C.F.", "the Danvers Police Department", "the District Attorney's Office, of the Salem District Court", and "Office, of the Essex County Probate and Family Court", **ORDERING - REDACTION** of, **SUPPRESSION** of, **and** that stated Defendant's refrain from all "present and future" disclosure and use of all information indicative or expressive of, or **DERIVED FROM**, the stated interceptions, in any way,  in any and all future procedures or records retained concerning the Plaintiff – as directed and prescribed pursuant to **18 U.S.C. §§§ 2515 (prohibition), 2518 (suppression), and 2520 (remedy).**

3.  Separately award attachment of judgment to all personal assets of the defendants' capable of liquidity or ascertainment by calculation,

4.  Award the Plaintiff the greater of (a) actual damages, or (b) statutory damages of (i) $100.00 per day for each day of violation, pusuant to **G.L. c. 272, § 99(Q)(2)**, per violation, per Defendant,

5.  Award the Plaintiff statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000 pursuant to **18 U.S.C. § 2520(c)(2)(B)**, per violation, per Defendant,

6.  Separately award **Punitive Damages** pursuant to **G.L. c. 272, § 99(Q)(2)**, per Defendant, for Plaintiff's injuries suffered,

7.  Separately award **Punitive Damages** pursuant to **18 U.S.C. § 2520(b)(2)**, per Defendant, for Plaintiff's injuries suffered,

8.  Separately, awarded compensatory damages for Plaintiff's **Conscious Pain and Suffering** and **Emotional Distress**,

9.  Separately award Damages for Plaintiff's **Embarrassment and Humiliation**, resulting from violation of his privacy interest,

10. Award of cost of any retainment of counsel, litigation fees, or the equivalent of such (e.g. the expense of research and personal time invested in confronting this issue pro se),

11. Grant any and all other relief to which the Plaintiff may be entitled.

Respectfully Submitted,


**Bernard P. Davis**, PLAINTIFF, pro se                    **March 9, 2015**
99 Shandon Road
Suite: #206
Dorchester, MA.  02124

Phone:  (617) 326-6972




## VERIFICATION

I, the undersigned, being duly sworn, depose and say that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and, to the best of my knowledge, information, and belief, the facts set forth in this Verified Complaint are true and accurate based on my personal knowledge and records inclusive of the parties statements made in relation to this ordeal.

**9 March 2015**

**Signed** under the penalties of perjury this **9**th day of **March, 2015**.


x
Bernard Davis, Pro Se


Subscribed and sworn to before me, this _____th day of _____, **2015**.


_____
Notary Public

VERIFIED COMPLAINT | Page: 34 of 34

## SETTLEMENT

**\*\*Open to terms of Negotiation.**


I, Plaintiff, Bernard Davis, acting pro se, have attached this statement in effort toward understanding and peaceableness.  SIGNED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY.

Respectfully Submitted,


**Bernard P. Davis**, PLAINTIFF, pro se                    **March 9, 2015**
99 Shandon Road
Suite:  #206
Dorchester, MA.  02124

Phone:  (617) 326-6972